UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRENDA ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00080-TWP-KMB |
| | ) |
| RIVERA CONSULTING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS

This matter is before the Court on a Partial Motion to Dismiss filed by Defendant Rivera Consulting Group, Inc. ("Defendant" or "Rivera Consulting") (Filing No. 11). Plaintiff Brenda Robison ("Ms. Robison") was terminated from her position at Rivera Consulting in August 2023 and initiated this action asserting claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Indiana Civil Rights Law ("ICRL"), IC § 22-9-1 (Filing No. 1). The Defendant moves to dismiss the discrimination claim under the ICRL in Count I of the Complaint, as well as the retaliation claims in Count II (Filing No. 11 at 1). Defendants argue there is no private cause of action upon which to proceed with respect to any of her state law claims, and the federal retaliation claims should be dismissed for failure to exhaust administrative remedies. Ms. Robison concedes that her state law claims should be dismissed but maintains the validity of her federal retaliation claims. (Filing No. 20 at 1). For the following reasons, Defendant's Partial Motion is **granted in part** and **denied in part.**

### I. BACKGROUND

As required when reviewing a Motion to Dismiss, the Court construes the Complaint in the light most favorable to Ms. Robison, accepts Ms. Robison's well-pleaded facts as true, and draws

all reasonable inferences in her favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ms. Robison, a woman, was initially hired by Rivera as an accounting manager in July 2013, and eventually rose to the position of Director of Finance. (Filing No. 1 at ¶ 6, 7). Throughout her employment, she consistently received positive performance evaluations. *Id*. at ¶ 8.

In October 2020, the Defendant's male Chief Financial Officer ("CFO") departed from the company. *Id*. at ¶ 9. Prior to his departure, he trained Ms. Robison on the duties and responsibilities of the CFO position. *Id*. at ¶ 10. Subsequently, Joey Rivera ("Mr. Rivera"), the owner of the company, assigned Ms. Robison the responsibilities of the CFO but declined to grant her the official title and increase her pay. *Id*. at ¶ 11. Despite performing the same duties, Ms. Robison was paid only half the salary previously earned by the two men who had held the CFO position before her. *Id*. at ¶ 12. Ms. Robison raised concerns with Mr. Rivera regarding the inequity in her pay and the denial of the CFO title. *Id*. at ¶ 13. Following her complaints, Ms. Robison's employment with Defendant was terminated on August 9, 2023. *Id.* at ¶ 14.

On October 31, 2023, Ms. Robison filed a Charge of Discrimination (the "charge") with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act based on sex discrimination. *Id*. at ¶ 15. The Particulars of the Charge state:

> I began my employment with Rivera Consulting Group in July 2013 as Accounting Manager. I most recently held the position of Director of Finance. In October 2020, CFO Troy Thompson (sex, male) left the Company. I was assigned all CFO duties; however, I was not given the title of CFO and was paid much less than Mr. Thompson. Mr. Thompsons annual salary was $240,000 and my annual salary after taking over all his duties was $120,000. Don Pollard (sex, male) held the position of CFO before Mr. Thompson was hired in March of 2018, and Mr. Pollards annual salary was $240,000. Since I was performing same duties as Troy Thompson, I asked Mr. Rivera if I could have the title of CFO and get a pay increase on several occasions. Mr. Rivera refused to give me the title of CFO and increase my salary.

> On August 9, 2023, I was discharged. I was given no reason for my discharge. I believe that I was discriminated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that my rights under the Equal Pay Act have been violated.

(Filing No. 11-2 at 2–3).  On March 26, 2024, the EEOC issued a notice of Plaintiff's Right to Sue, without making a determination on the merits of the case.  *Id*.  Ms. Robison officially filed a complaint with the Court on June 13, 2024, bringing this action within ninety (90) days of receipt of the right to sue (Filing No. 1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski v. Cnty of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level."  550 U.S. 544, 555 (2007).  Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id*.; *see also Bissessur v. Ind. Univ. Bd. of Trs*., 581 F.3d 599, 603 (7th Cir. 2009).  The allegations must "give the defendant fair notice of what the… claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Ms. Robinson brings both federal and state law claims in her Complaint.  Count I alleges sex discrimination under Title VII and the ICRL.  Count II alleges retaliation under Title VII and

the ICRL. As explained above, Ms. Robison conceded dismissal of her state law claims. Therefore, the Court addresses only Defendant's motion to dismiss her Title VII retaliation claim in Count II.

The Defendant argues that the Title VII retaliation claim should be dismissed because Ms. Robison failed to exhaust her administrative remedies by not explicitly raising the retaliation claim in her EEOC charge (Filing No. 11 at 7). In response, Ms. Robison asserts that her federal retaliation claim should not be dismissed because her EEOC charge, while not explicitly stating "retaliation," alleged facts that reasonably relate to a retaliation claim (Filing No. 20 at 3–5).

Generally, a plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge because doing so would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). However, courts have allowed plaintiffs to proceed on claims not explicitly set forth in a charge of discrimination if the claim is "'like or reasonably related' to the EEOC charges," and the claim in the complaint "reasonably [could] be expected to grow out of an EEOC investigation of the charge[ ]." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (citing *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 7th Cir. 1995)). In other words, to be cognizable in federal court, a Title VII claim must simply be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek*, 31 F.3d at 500. For purposes of this standard, "[t]he claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge, and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id*.

The Court agrees with Ms. Robison that the facts in the EEOC charge reasonably relate to the retaliation claim in her complaint. As an initial matter, courts review the scope of an EEOC

charge liberally. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). Just because a victim of alleged discrimination failed to use exact terminology does not mean they are precluded from bringing claims under the statute. *See id*. at 832 (denying dismissal on exhaustion grounds where the plaintiff used imprecise terms in her *pro se* EEOC charge).

To state a claim for retaliation, a plaintiff must allege she engaged in a protected activity, that she suffered an adverse employment action, and that there was a causal connection between the two. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 533 (7th Cir. 2003). Ms. Robison's narrative in the EEOC charge establishes a clear connection between her protected activity and an adverse employment action – she raised concerns about her title and pay and subsequently was terminated without explanation. This sequence describes the factual basis for a retaliation claim even without using the legal terminology. It should not have come as a surprise to the Defendant that Ms. Robison was claiming to be retaliated against for raising concerns about her benefits.

Moreover, the EEOC charge and complaint implicate the same parties – Ms. Robison, Mr. Rivera, and Rivera Consulting – and describe the same conduct – termination following Ms. Robison's request for equal treatment. Allowing Ms. Robison's retaliation claim to proceed aligns with the Seventh Circuit's mandate to review EEOC charges liberally, especially when filed by laypersons who may not understand legal distinctions between discrimination and retaliation when the facts support both claims. Mere technicalities should not bar victims who allege discrimination in the workplace from obtaining the full relief to which they are entitled when the substance of their claims is clearly communicated.

## IV.  CONCLUSION

For the reasons stated above, the Defendant's Partial Motion to Dismiss (Filing No. 11), is **GRANTED in part** and **DENIED in part.** The Motion is **granted** with respect to the claims arising under the ICRL in Counts I and II, and those claims are **dismissed**. The Motion is **denied** with respect to the federal retaliation claim in Count II. Ms. Robison **may proceed** with her federal sex discrimination and retaliation claims under Title VII.

**SO ORDERED**.

Date:   3/20/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Allison Dempsey
Stoll Keenon Ogden PLLC
allison.dempsey@skofirm.com

Laura Elizabeth Landenwich
ADAMS LANDENWICH WALTON, PLLC
laura@justiceky.com

Amy L. Miles
Stoll Keenon Ogden PLLC
amy.miles@skofirm.com